# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**JAMIE LYNN PRATHER**                                         **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 3:12CV744 HTW-LRA**

**RONALD KING**                                               **RESPONDENT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Jamie Lynn Prather filed a petition for federal habeas corpus relief on November 5, 2012. On February 26, 2013, Respondents moved to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Court recommends that his petition be dismissed for the reasons that follow.

On December 14, 2004, Prather pled guilty to the possession of cocaine in the Circuit Court of Hinds County, Mississippi. He was sentenced to 16 years imprisonment, with the provision that 7 years be served in the custody of the Mississippi Department of Corrections, with 9 years suspended and 5 years post-release supervision. Although he asserts that the terms of his plea agreement provided that he would serve as a non-habitual offender, the court's sentencing order classifies him as a habitual and subsequent offender pursuant to Miss. Code Ann. §§ 99-19-81 and 41-29-147.[1] On December 1, 2011, Prather's suspended sentence was revoked following a probation violation, and he was sentenced as a habitual and subsequent drug offender to serve three years in the

---

[1] The order also provided that his sentence would run concurrently with a sentence he was currently serving from Rankin County, Mississippi.

custody of the Mississippi Department of Corrections. The revocation order provided, *inter alia*, that Prather would "return to probation as set forth in the original sentencing order" with credit for time served.[2]

Aggrieved, Prather filed the instant petition for habeas relief. As grounds, he asserts that he is improperly serving the three-year revocation sentence as a habitual offender contrary to the terms of his plea agreement. Specifically, he states:

> I only plead [sic] guilty to one charge of possession of cocaine, in exchange, the habitual portion of Order of Revocation of Suspended Sentence was dropped, and only 41-20-147, the enhancement was carried out. I should only have 3 years and it should not be mandatory.[3]

Prather complains that because of the error, he is serving his revocation sentence "day for day."[4] He has not filed a post-conviction motion challenging the terms of his revocation in state court.

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[5] *Parr v. Quarterman,* 472

---

[2] ECF Nos. 8-1, 8-2, 8-3.

[3] ECF No. 1, p. 2.

[4] ECF No. 1, p. 18.

[5] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or

F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 450 U.S. 1056 (1983). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Under Mississippi law, "an order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 982 So.2d 298, 290 (Miss. 1980) (citation omitted). To challenge a revocation, a petitioner must file a motion for post-conviction relief under Miss. Code Ann. § 99–39–5(1)(h). *See Gray v. State*, 29 So.3d 791, 2009 WL 2152299, at *2–3 (Miss. Ct. App. July 21, 2009) (citing *Martin v. State*, 556 So.2d 357, 358–59 (Miss.1990)). This statute provides in relevant part that "[a]ny person sentenced by a court of record of the State of Mississippi, including a person . . . on

---

        (B)(i)   there is an absence of available State corrective process; or
           (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
                 . . . .
  (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

parole or probation . . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims: . . [t]hat his sentence has expired; his probation, parole or conditional release [sic] unlawfully revoked; or he is otherwise unlawfully held in custody."

Respondents argue that the instant petition should be dismissed because Prather failed to exhaust his revocation claims before filing his federal habeas petition. Prather does not deny his failure to exhaust, but advises that he has written the Circuit Clerk of Hinds County, and requested that she send a revised order to the Mississippi Department of Corrections advising that he should be serving a three-year sentence as a non-habitual offender. This letter is insufficient.

In order to exhaust his state remedies, Prather must file a petition for post-conviction relief in the Circuit Court of Hinds County, and appeal any denial to the Mississippi Supreme Court. *Graham v. State,* 85 So.3d 847, 850 (Miss. 2012) (citing *Martin*, 556 So.2d at 358–59 (Miss.1990)). Miss. Code Ann § 99-39-7 expressly requires that any petitions for post-conviction collateral relief be filed in trial court, as an original action, except in cases in which the conviction and sentence were appealed to the supreme court and were dismissed. Because Petitioner pled guilty in this case, he had no direct appeal to the Mississippi Supreme Court, and thus any petition for post-conviction collateral relief relating to either his underlying charges or subsequent parole revocation must be filed in the trial court. *Id.* Prather has failed to properly exhaust this claim in

4

state court. As such, his petition should be dismissed without prejudice. For these reasons, the Court recommends that Petitioner's request for a dismissal without prejudice should be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 18th day of April 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE